IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 5:07cr36-RH

JUSTIN JEROME SWAINE,

    Defendant.

_____/

**ORDER REDUCING THE SENTENCE BASED ON AMENDMENT 782**

The defendant Justin Jerome Swaine has moved to reduce his sentence based on United States Sentencing Guidelines Amendment 782. The government has responded, acknowledging that a reduction is authorized. The original sentence was at the midpoint of the guideline range. This order reduces Mr. Swaine's sentence to the midpoint of the new guideline range calculated under Amendment 782.

I

The Sentencing Guidelines establish a guideline range for each defendant. The range is based on the defendant's "total offense level" and "criminal history category." The total offense level is based on the defendant's "base offense level" with increases or decreases based on specific offense characteristics. For drug

offenses, the base offense level ordinarily turns on the type and quantity of drugs properly attributed to the defendant. *See* U.S. Sentencing Guidelines Manual ("*Guidelines Manual*") § 2D1.1 (2014).

Amendment 782 became effective on November 1, 2014. The amendment reduced the base offense level for most drug offenses. This came after earlier amendments that also reduced the base offense level for most crack-cocaine offenses. Amendment 706 became effective on November 1, 2007; Amendment 715 became effective on May 1, 2008; and Amendment 750 became effective on November 1, 2011.

II

When the Sentencing Commission adopts an amendment reducing a guideline range, the Commission has express statutory authority—indeed, it may even have a statutory duty—to determine whether and under what circumstances a court will be allowed to apply the amendment retroactively to a sentence imposed prior to the amendment's effective date. The statute provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." 28 U.S.C. § 994(u).

When the Commission determines that an amendment may be applied retroactively, a court may reduce a sentence, but only under the circumstances and to the extent specified by the Commission. The court may act on its own motion or on motion of a defendant or the Bureau of Prisons. The statute that authorizes a sentence reduction provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

The "applicable policy statements issued by the Sentencing Commission," within the meaning of § 3582(c)(2), are set out in *Guidelines Manual* § 1B1.10. As set out there, proceedings under § 3582(c)(2) "do not constitute a full resentencing of the defendant." *Guidelines Manual* § 1B1.10(a)(3). Reductions under § 3582(c)(2) thus may be—and most commonly have been—handled on written submissions, without a hearing.

III

Acting under its § 994(u) authority, the Commission amended *Guidelines Manual* § 1B1.10 to include Amendment 782 in the list of retroactive amendments. The change took effect on November 1, 2014.

The Guidelines impose explicit limits. First, a court must not reduce a sentence unless the amendment changed the defendant's guideline range. *See id.* § 1B1.10(a)(1). Second, the Guidelines limit the extent of any reduction. For a sentence within the original guideline range, a reduced sentence must not be below the low end of the amended guideline range. *See id.* § 1B1.10(b)(2)(A). For a sentence that was below the original guideline range as a result of a government motion indicating the defendant provided substantial assistance in the investigation or prosecution of others, a reduction to a sentence "comparably less than the amended guideline range . . . may be appropriate." *Id.* § 1B1.10(b)(2)(B). Finally, the reduced term of imprisonment must not be less than any applicable minimum mandatory sentence, *see id.* § 1B1.10, cmt. n.1(A), nor less than the time the defendant has already served, *see id.* § 1B1.10(b)(2)(C).

IV

Mr. Swaine was sentenced on December 12, 2007. His total offense level was 36, the criminal history category was I, and the guideline range was 188 to 235 months. The minimum mandatory sentence was 10 years. The judge presiding

over the case at the time sentenced Mr. Swaine to 211 months, a sentence at the midpoint of the guideline range (rounded in Mr. Swaine's favor).

Under Amendment 782, Mr. Swaine's recalculated total offense level is 34, the criminal history category remains I, and the amended guideline range is 151 to 188 months. Amendment 782 would allow a reduction of Mr. Swaine's sentence to not less than 151 months. A sentence proportional to the original sentence—at the midpoint of the new range rounded in Mr. Swaine's favor—would be 169 months.

V

Any reduction is discretionary. In deciding whether and how much to reduce a defendant's sentence (within the limits set out above), a court may consider the sentencing factors listed in 18 U.S.C. § 3553(a), the nature and seriousness of the danger that a reduction would pose to any person or the community, and the defendant's post-sentencing conduct. *See Guidelines Manual* § 1B1.10 cmt. n.1(B).

The record does not indicate that there have been any significant changes affecting application of the § 3553(a) factors since the original sentencing. Based on the existing record, including the presentence report, I conclude that Mr. Swaine's sentence should be reduced to 169 months.

VI

For these reasons,

IT IS ORDERED:

1. The motions to reduce sentence, ECF Nos. 288 and 295, are granted in part.

2. Mr. Swaine's sentence is reduced to 169 months in custody. The judgment remains the same in all other respects.

3. The clerk must provide a copy of this order to Mr. Swaine himself by mail and to the attorneys of record and the Federal Public Defender through the electronic filing system.

SO ORDERED on November 26, 2016.

s/Robert L. Hinkle  
United States District Judge